UNITED STATES BANKRUPTCY COURT
District of New Jersey

Albert Russo
Cn 4853
Trenton, NJ  08650
(609) 587-6888
Standing Chapter 13 Trustee

**Order Filed on April 21, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

Bobbie L. McKnight
Yvette I. McKnight

Debtor(s)

Case No.: 19-21588 / CMG

Hearing Date:  04/15/2020

Judge: Christine M. Gravelle

Chapter: 13

## ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

**DATED: April 21, 2020**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

The plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 06/10/2019, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 60 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$1,700.00 PAID TO DATE

$325.00 for 50 months beginning 05/01/2020

**ORDERED** that the case is confirmed to pay 0% dividend to general unsecured creditors.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed.  The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that the claim of Wells Fargo Auto Finance, court claim #4-1, will be paid as if in the plan, and the Trustee is authorized to pay such claim.

**ORDERED** that the claim of US Bank National Association, court claim #16-1, will be paid as if in the plan, and the Trustee is authorized to pay such claim.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date.  If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** that, notwithstanding the order of distribution set forth in the plan, the Trustee disbursements shall be made pursuant to the following order of distribution: administrative claims, secured claims, priority claims, general unsecured claims.

**ORDERED** as follows:

Foxmoor Townhome Association, court claim #6-1, to be amended to secured or an order is to be submitted to reclassify to secured within thirty days of the April 15, 2020 confirmation.

*Order Confirming Chapter 13 Plan*  *Page 4 of 4*

```
                          United States Bankruptcy Court
                                District of New Jersey
```

In re:                                                          Case No. 19-21588-CMG
Bobbie L. McKnight                                              Chapter 13
Yvette I. McKnight
       Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 1              Date Rcvd: Apr 21, 2020
                              Form ID: pdf903          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 23, 2020.
db/jdb        +Bobbie L. McKnight,    Yvette I. McKnight,    6 Stratton Court,    Robbinsville, NJ 08691-3108

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 23, 2020                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 21, 2020 at the address(es) listed below:
              Albert   Russo    docs@russotrustee.com
              Denise E. Carlon    on behalf of Creditor   Bayview Loan Servicing, LLC as servicer for
               Metropolitan Life Insurance Company dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
              Denise E. Carlon    on behalf of Creditor   Metropolitan Life Insurance Company
               dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
              Elizabeth K. Holdren    on behalf of Creditor   Foxmoor Townhome Association, Inc.
               eholdren@hillwallack.com,   jhanley@hillwallack.com;hwbknj@hillwallack.com
              Eric   Clayman    on behalf of Debtor Bobbie L. McKnight jenkins.clayman@verizon.net,
               connor@jenkinsclayman.com
              Eric   Clayman    on behalf of Joint Debtor Yvette I. McKnight jenkins.clayman@verizon.net,
               connor@jenkinsclayman.com
              John R. Morton, Jr.    on behalf of Creditor   Wells Fargo Bank, N.A., d/b/a Wells Fargo Auto
               ecfmail@mortoncraig.com, mortoncraigecf@gmail.com
              Stephanie F. Ritigstein    on behalf of Debtor Bobbie L. McKnight jenkins.clayman@verizon.net,
               connor@jenkinsclayman.com
              Stephanie F. Ritigstein    on behalf of Joint Debtor Yvette I. McKnight
               jenkins.clayman@verizon.net, connor@jenkinsclayman.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 10